Crew, J.
It is urged against the validity of the judgment and sentence in each of the above cases, that the statute under which plaintiffs in error' were indicted and sentenced, commonly known as the Valentine Anti-Trust law, is unconstitutional. Inasmuch as the constitutionality of this statute, in so far as upon this record its provisions, are involved in the present cases, was upon full and careful consideration thereof, affirmed by this court in State, ex rel. Monnett, v. The Buckeye Pipe Line Company, 61 Ohio St., 520, and State v. Gage, 72 Ohio St., 210, we deem it unnecessary in this opinion to reopen and reargue that question; or to say more, at this time, touch *433 ing the constitutionality of this statute than that we are all agreed, the question of its constitutionality was correctly determined by this court in the above cases, and we adhere to the conclusions there reached. It is further urged by counsel for plaintiffs in error, that the court of common pleas erred in overruling the motions of Lemmon and Beard asking for a vacation of the sentence pronounced against each of them, and for leave to withdraw their pleas of guilty and to enter pleas of not guilty; and erred in overruling the motion of defendant Miller asking an order vacating the sentence' against him, and for the reinstatement of the motions for new trial and in arrest of judgment, which he had theretofore filed but which, subsequently and before sentence he withdrew. The grounds alleged in these several motions were substantially the same, and of such a nature as required that they should be supported and established by evidence. Upon the ■ hearing of said motions, affidavits and oral testimony in support thereof were introduced on behalf of the defendants, plaintiffs in error here, and evidence tending to disprove the truth of the matters in said motions alleged, was introduced on behalf of the state. Upon consideration of this evidence the court of common pleas found and adjudged that the grounds alleged in said motions were not sustained by the evidence, and thereupon overruled the same. Thereafter, the circuit court upon consideration of the same evidence, embodied in a bill of exceptions presented to that court on proceedings in error, affirmed the finding and judgment of the court of common pleas. This judg *434 ment of the circuit court, involving as it necessarily did a weighing of the evidence, is final and conclusive; that court in criminal, as well as civil cases, being the court of last resort, for the determination of questions as to the weight or probative force of evidence, Section 7356, Revised Statutes. Hence, the judgments of the courts below upon these motions will not be reviewed by this court. The further contention is here made that the sentence of the court in the above cases, in so far as it directs and requires the imprisonment of the plaintiffs in error in the Toledo workhouse was and is, unauthorized and illegal. This specific objection was not made in the courts below, but is now presented in this case for the first time in this court. However, if the point is well taken, and the court of common pleas was wholly without authority in law, to impose such sentence, the objection is not too late. Without undertaking to review in detail the various statutes and legislation authorizing the establishment and maintenance of municipal workhouses or corporation prisons, county workhouses, joint county and municipal workhouses,- and district workhouses, and providing who may be sentenced to, and confined therein, it may be said, that if the right exists in the above cases, to sentence to the Toledo workhouse, persons convicted in Lucas county of violating the provisions of the so-called Valentine Anti-Trust law, such right is not to be found in the terms of that law itself, but must be parsed out of the provisions of Section 1536-369, Revised Statutes, which section reads as follows: “When a person over sixteen years of age is convicted of *435 an offense, under the law of the state or an ordinance of a municipal corporation, and the tribunal before which the conviction is had is directed by law to commit the offender to the county jail or corporation prison, the court, mayor, or justice of the peace, as the case may be, shall sentence'the offender to the workhouse, if there is such house in the county.” It will be observed from the language of this section, that it does not purport to authorize or require a workhouse sentence except in cases where, “the tribunal before which the conviction is had is directed by law to commit the offender to the county jail or corporation prison.” No such direction is anywhere to be found in the provisions of the Valentine law. Section 4 of that law, which is the section that prescribes the penalty for a violation of said act, while it permits, neither enjoins nor directs imprisonment, as a necessary part of the penalty for such violation, nor does it designate the place of imprisonment in the event imprisonment shall be imposed as part of the sentence. The section provides that for “Any violation of either or all of the provisions of this act * * * (the offender) shall be punished by a fine of not less than fifty ($50) dollars nor more than five thousand ($5,000) dollars, or be imprisoned not less than'six months nor more than one year, or by both such fine and imprisonment.” Turning to Section 6794 of Part Fourth, Revised Statutes, we find it there provided that: “the word ‘imprisoned’, when the context does not otherwise require, shall be construed to mean imprisoned in the county jail.” Inasmuch, then, as Section 4 of the Valentine law does not direct and *436 require imprisonment as a part of the penalty for a violation of said law, no warrant can be found, in the language or provisions of Section 1536-369 for the claim that the latter section either requires or permits imprisonment in the workhouse as part of the punishment for a violation of said law. Counsel for defendant in error cites, as supporting their claim that the sentences in the present cases were authorized by Section 1536-369, the case of Kimbleawecs v. State, 51 Ohio St., 228, in which case said section was construed by this court. That was a case in which K., the plaintiff in error, was convicted for keeping a saloon open on Sunday, and upon conviction was sentenced to the Cleveland workhouse. The statute under which the conviction was had, provided,' in express terms, that for such offense the accused upon conviction, “shall be fined in any sum not exceeding one hundred dollars, and not less than twenty-five dollars, and be imprisoned in the county jail or city prison not less than ten days and not exceeding thirty days.” Thus it will be seen that by the express terms of the statute itself, the court was enjoined and directed by lazv to imprison the accused in the county jail or city prison; hence the provisions of Section 1536-369 became and were expressly applicable in that case, and not only permitted but required, that defendant be sentenced to the workhouse, and the court very properly- held in that case that such sentence was authorized. But b}^ the statute here under consideration, while the court is permitted to imprison, it is not directed by lazv so to do, and the provisions of Section 1536-369 are not therefore *437 applicable. There were at the time of the enactment of this section, and now are, many statutes upon our statute books which in terms require and direct imprisonment as a part of the sentence, but leave to the discretion of the court whether that imprisonment shall- be in the jail or workhouse, and it is to such cases that the provisions of Section 1536-369 apply. To adopt the interpretation of this section contended for by counsel for .defendant in error, would not only require that we ignore the plain language of the statute itself, but that by construction we so extend and enlarge its provisions that they shall include all cases of conviction for a misdemeanor that may be punished by imprisonment, even though imprisonment be not directed by law as an essential part of the penalty to be imposed. Such certainly is not the language of the section, nor do we think such was the purpose or intent of the legislature. But, however this may be, the language employed in the act-being plain and unambiguous, as said by this court in Slingluff et al. v. Weaver et al., 66 Ohio St., 621: “The question is not what did the general assembly intend, to enact, but what is the meaning of that which it did enact. That body should be. held to mean what it has plainly expressed, and hence no room is left for construction.” We are unanimously of the opinion that the sentences imposed in the above cases, in so far as they direct and require the imprisonment of plaintiffs in error in the Toledo workhouse, were and are, to that extent, unauthorized and illeg'al, and should be set aside. Other assignments of error were urged *438 and all were fully considered, but we find no other prejudicial error in this record.

The judgments of the circuit court and the court of common pleas, as to the sentence pronounced in each of 'the above cases reversed, and cases remanded to the court of common pleas for resentence; in all other particulars said judgments are affirmed.

Shauck, C. J., Price, Summers and Davis, JJ., concur.